Cause No. 24-5025

# In the United States Court of Appeals for the Fifth Circuit

CRAIG A. WASHINGTON,
*Plaintiff – Appellant*,

v.

STATE BAR OF TEXAS; JUDITH GRES DEBERRY, IN HER OFFICIAL AND INDIVIDUAL CAPACITY; GEORGE GALLAGHER, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; TANYA GALINGER, IN HER OFFICIAL AND INDIVIDUAL CAPACITY; COMMISSION ON LAWYER DISCIPLINE; STATE BAR BOARD OF DIRECTORS,
*Defendants-Appellees*.

On Appeal from the United States District Court for the Western District of Texas, Austin Division, Cause No. 1:23-CV-526

### JUDGE GEORGE GALLAGHER'S MOTION TO DISMISS FRIVOLOUS APPEAL

TO THE HONORABLE JUSTICES OF THE FIFTH COURT OF APPEALS:

Appellee Judge George Gallagher ("Judge Gallagher") respectfully shows the Court the following reasons to dismiss this appeal as frivolous.

## I.
## PROCEDURAL HISTORY

Appellant Craig A. Washington sued Judge Gallagher and multiple other parties regarding Washington's state court attorney disciplinary proceedings in 2015. ROA.156; *see also Washington v. Comm'n for Lawyer*

*Discipline*, No. 03-15-00083-CV, 2017 WL 1046260 at *13 (Tex. App.—Austin Mar. 17, 2017, pet. denied) (mem. op.) ("We affirm the trial court's judgment dated January 8, 2015, and its order dated March 12, 2015").

Washington has already unsuccessfully appealed the results of the disciplinary proceedings. ROA.11, ¶ 20; *see also Washington v. Comm'n for Lawyer Discipline*, No. 03-15-00083-CV, 2017 WL 1046260; *Matter of Washington*, No. 6:15-MC-19, 2022 WL 421137, at *3 (E.D. Tex. Jan. 26, 2022).

The district court dismissed this case on February 20, 2024, when it adopted the report and recommendation of the magistrate judge. ROA.259-61. The magistrate judge's report and recommendation specified the reasons for dismissal of the claims against Judge Gallagher because of immunity under the Eleventh Amendment to the U.S. Constitution in his official capacity and judicial immunity in his individual capacity. ROA.249-250.

On May 28, 2024, Washington filed his Appellant's Brief. [WASHINGTON'S BRIEF]. In his Brief, Washington abandoned review of all appealable issues by failing to adequately brief any of them. [WASHINGTON'S BRIEF]. There are no citations to the record on appeal, nor are there any arguments presented regarding the reasons Judge Gallagher was dismissed from the lawsuit. [WASHINGTON'S BRIEF]. There is no citation to any legal

authority on any subject other than qualified immunity. [W<small>ASHINGTON'S</small> B<small>RIEF</small>].

By abandoning all appellate issues in this litigation, Washington has rendered this appeal frivolous.

## II.
## STANDARD FOR FRIVOLOUS APPEAL

With respect to this case, "the appeal is frivolous" when a party "has abandoned the only appellate issue this court has jurisdiction to address." *Montgomery v. Office C/O Pearce*, 79 F.3d 1143 (5th Cir. 1996), citing *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983). "Although this court liberally construes *pro se* briefs, this court requires arguments to be briefed in order to be preserved." *Montgomery*, 79 F.3d at 1143 (internal citations omitted). Claims not adequately argued in the body of the brief are deemed abandoned on appeal. *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir. 1993).

## III.
## ARGUMENT

The Court should dismiss Washington's appeal because Washington has abandoned the only appellate issues before this Court, failing to provide any case law or identify any portion of the record which might suggest that dismissal was incorrect as a matter of law. [W<small>ASHINGTON'S</small> B<small>RIEF</small>].

## A. Abandonment of All Appellate Claims

"An appellant abandons all issues not raised and argued in its initial brief on appeal.... A party who inadequately briefs an issue is considered to have abandoned the claim." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994). "The Federal Rules of Appellate Procedure require the parties to provide references to the page number of the record to support statements of fact" and "the argument to contain citations to the authorities on which the appellant relies." *McKenzie v. E O G Res. Inc.*, 340 F. App'x 985, 986 (5th Cir. 2009), citing FED. R. APP. P. 28(a)(7) and (a)(9)(A); 5th Cir. R. 28.2.2.

Washington's failure to cite to the record on any appellate issue or any matter actually involved in the district court's dismissal [WASHINGTON'S BRIEF] makes his arguments inadequately briefed. *See United States v. Rojas*, 812 F.3d 382, 407 n.15 (5th Cir. 2016) (noting that a failure to include record citations to support an argument results in the argument being inadequately briefed); *see also Lushute v. Louisiana*, 479 Fed.Appx. 553, 555 (5th Cir. 2012) (when appellant "did not relate the legal discussion to the facts of this case or provide citations to the record to support her assertion of improper motivation...We need not consider inadequately briefed issues"). Further, Washington's brief presents no case law suggesting that the district

4

court was incorrect in application of the law to his claims against Judge Gallagher in the live pleadings. [WASHINGTON'S BRIEF].

This means the issues are abandoned. *See Cinel*, 15 F.3d at 1345.

However, even if these issues were not abandoned on this basis, they are abandoned because none of Washington's arguments identify portions of the record to suggest or support an argument that the application of the law to his claims against Judge Gallagher was incorrect.

**B.     Basis for Dismissal –Eleventh Amendment Immunity**

In adopting the magistrate judge's report and recommendation, the district court dismissed the claims against Judge Gallagher in his official capacity base on sovereign immunity, pursuant to the Eleventh Amendment to the U.S. Constitution. ROA.249-250.

In his Brief, Washington abandoned appellate review of this decision by not raising the matter in his opening brief. *Yohey,* 985 F.2d at 225. Indeed, nowhere in his brief does Washington even reference sovereign immunity or the Eleventh Amendment. [WASHINGTON'S BRIEF]. If an appellant does not address the decision of the district court on an issue, that issue is abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Yohey,* 985 F.2d at 225.

## C. Basis for Dismissal –Judicial Immunity

In adopting the magistrate judge's report and recommendation, the district court dismissed the individual capacity claims against Judge Gallagher based on judicial immunity. ROA.250.

In his Brief, Washington abandoned appellate review of this decision by not raising the matter in his opening brief. *Yohey,* at 225. As with sovereign immunity above, nowhere in his brief does Washington even reference judicial immunity. [WASHINGTON'S BRIEF]. He does not present any argument supported by legal authority with respect to judicial immunity. If an appellant does not address the decision of the district court on an issue, that issue is abandoned. *See Soadjede*, at 833; *Yohey,* at 225.

## D. Washington's Only Argument Related to Judge Gallagher

The only argument even possibly related to immunities asserted by Judge Gallagher states, in its entirety: "Immunity does not exist in relation to Amendment Seven of the United States Constitution." [WASHINGTON'S BRIEF, p. 16]. This sentence cites no case law and nothing in the record. This is the entirety of his argument. It is also legally incorrect.

Claims for violation of the Seventh Amendment are brought under 42 U.S.C. 1983. *See, e.g., Phelan v. Norville,* 460 Fed.Appx. 376, 380–82 (5th Cir.2012). As such, Washington's Seventh Amendment claims are barred by

the Eleventh Amendment. *See, e.g., Fox v. Mississippi*, 551 Fed. Appx. 772, 774–75 (5th Cir.2014) (per curiam) (holding, inter alia, that Eleventh Amendment barred claims under §§ 1983 and 1985 against state, district that was agency of state, and individuals sued in their official capacities).

Similarly, it is Washington's burden to abrogate Judge Gallagher's judicial immunity. *Mireles* v. *Waco*, 502 U.S. 9, 11–12, (1991). Washington's bare reference to the Seventh Amendment does not abrogate Judge Gallagher's judicial immunity. *See, e.g., Haase v. Bank of Am. Corp.*, No. 4:16-CV-1567, 2017 WL 1240105, at *5 (S.D. Tex. Feb. 8, 2017) (dismissing claim of Seventh Amendment violations because of judicial immunity).

### E.  Washington's Argument on Qualified Immunity

While Plaintiff does argue about qualified immunity [WASHINGTON'S BRIEF, pp. 16-17], this is NOT a basis for dismissal of the claims against Judge Gallagher. As such, it does not dispute any basis for dismissal of the claims against Judge Gallagher, which were dismissed because of judicial and Eleventh Amendment immunity. ROA.249-250.

Accordingly, by failing to preserve the arguments through inadequate briefing, Washington has abandoned appellate review of this decision.

### IV. CONCLUSION

This Court should dismiss this appeal as frivolous and not disturb the

judgment of the district court dismissing Washington's claims against Judge George Gallagher. Washington has wholly abandoned any available appellate issues by failing to adequately brief them. As such, this appeal is frivolous, as a matter of law.

Respectfully submitted.

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBLERY GDULA
Chief - General Litigation Division


/s/ Scot M. Graydon
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-1933 | FAX: (512) 320-0667
Scot.Graydon@oag.texas.gov

*COUNSEL FOR JUDGE GEORGE GALLAGHER*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on June 5, 2024 via the Court's ECF system to all counsel of record .

>   */s/ Scot M. Graydon*
>   **SCOT M. GRAYDON**
>   Assistant Attorney General

## CERTIFICATE OF CONFERENCE

On June 4-5, 2024, the undersigned attempted to confer multiple times by electronic mail with Timberly J. Davis, Counsel for Appellant Craig Washington. Ms. Davis was advised of the law on which the motion relies and the argument that appellant abandoned all appellate issues because of inadequate briefing based on absence of citations to the record on appeal or presentation of any legal authority related to the reasons Judge Gallagher was dismissed from the case.  Despite being advised of the case law and nature of the arguments being presented, and despite having several opportunities to indicate opposition or a lack thereof, Ms. Davis refused to indicate if she was opposed or not unless the full motion were presented to her in advance.  Moreover, although it is unlikely that an Appellant would be unopposed to a motion dismissing their appeal as frivolous, Ms. Davis specifically directed the undersigned not to presume her opposition.  Accordingly, because Ms. Davis refused to indicate opposition, her position is unclear, despite multiple attempts to have her provide such information.

Additionally, the undersigned conferred with counsel for the other appellees and they are not opposed.

>   /s/ Scot M. Graydon
>   **SCOT M. GRAYDON**
>   Assistant Attorney General

# CERTIFICATE OF COMPLIANCE

Pursuant to FED R. APP. P. 32(g)., the undersigned certifies this motion complies with the type-volume limitations of FED R. APP. P. 32(f).

1. Exclusive of the portions exempted by FED R. APP. P. 32(f), this brief contains 1303 words printed in a proportionally spaced typeface.

2. This brief is printed in a proportionally spaced, serif typeface using Georgia 14-point font in text and Georgia 12-point font in footnotes produced by Microsoft Word 2013 software.

3. Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4. Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5TH CIR. R. 32.3, may result in the Court's striking this motion and imposing sanctions against the person who signed it.

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General